### LUKE *v.* AVERA, sheriff, *et al.*

Where a judgment plaintiff files a petition against a sheriff and his deputy to show cause why they should not pay the money due on an execution in their hands, and in response to the rule nisi the respondents file answers; and where on the hearing the court orders the respondents to proceed at once to sell the property upon which the execution has been levied and to make the money, and, upon failure so to do, that the respondents show cause at the next term of court why the rule should not be made absolute, reserving the question of costs for further consideration, such judgment is interlocutory, and a writ of error thereto will not lie.

APRIL 22, 1915.

Money rule; from Berrien superior court. Motion to dismiss.

*McDonald & Grantham* and *U. J. Bennett,* for plaintiff.
*Hendricks & Hendricks,* for defendants.

EVANS, P. J. T. J. Luke applied for a rule against the sheriff and his deputy, alleging that he placed in their hands an execution in his favor against Moses Bembry and Joseph Bembry, that he pointed out certain property of one of the defendants, and that the money had not been made on his fi. fa.; and praying that the defendants be attached for contempt upon failure to show cause why they should not pay applicant the amount due on his execution. The court granted a rule nisi, and in response thereto the defendants filed their several answers, averring, that the execution was levied on certain property, which was advertised for sale; that the

deputy sheriff took a forthcoming bond for the property, which was not produced on sale day; that the plaintiff was present on the day of sale and knew of the default of the defendant in fi. fa., and stated to the deputy sheriff that he was undecided as to what he would have the deputy sheriff do, viz., whether to bring suit on the bond or retake possession of the property; and that the deputy sheriff was awaiting the plaintiff's further instruction. The case came on to be heard, and the applicant orally moved for a rule absolute, which motion the court denied, and entered the following order: "After hearing argument on the within application, it is ordered that the sheriff and his deputy, J. B. Griner, proceed at once under said fi. fa. to sell said property levied upon and make said money; and upon failure, that they show cause why the rule should not be made absolute at the next term of this court. Let the question of cost remain open for further order. Judgment and order signed in open court, this March 23, 1914." Error is assigned on this order.

A motion was made to dismiss the writ of error, on the ground that the order or judgment excepted to is interlocutory. This motion must prevail. The case is still pending in the trial court. The order of the court is in the nature of a continuance of the case until the next term, upon terms. It is clearly an interlocutory judgment, to which a writ of error will not lie.

*Writ of error dismissed. All the Justices concur, except Fish, C. J., absent.*